UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV548-MR-DSC

| | |
|---|---|
| BUILDING GRAPHICS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| LENNAR CORP., and ) | |
| DRAFTING & DESIGN, INC., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on "Plaintiff's Motion to Compel ..." (document #40) and "Memorandum ... in Support ..." (document #41), both filed June 12, 2009; and "Defendant's ... Brief in Opposition ..." (document #44) filed June 29, 2009. On July 9, 2009, Plaintiff filed its "Reply ..." (document #45).

This Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and is now ripe for the Court's consideration.

Plaintiff is a residential architecture firm engaged in the business of designing and developing architectural plans for homes. Accepting the allegations of the Amended Complaint as true, in 1993, Plaintiff designed an original residential architectural drawing for a floor plan/elevation design entitled "UDC Chadwyck A." The UDC Chadwyck A design is protected by copyright as a technical drawing, reflected in U.S. Copyright Registration Number VA 1-644-812, and as an architectural work, reflected in U.S. Copyright Registration Number VA 1-644-810 (collectively, the "Chadwyck Design").

Defendant Lennar Corp. is a homebuilder engaged in the construction and sale of single-

family homes. Defendant Drafting & Design is in an architectural firm engaged in the creation of architectural floor plans.

On December 1, 2008, Plaintiff filed its Complaint, which as amended, alleges that Defendants' willfully infringed Plaintiff's copyright in the Chadwyck Design by creating architectural floor plans that are "identical or substantially similar" to the Chadwyck Design, and that Defendant Lennar further infringed Plaintiff's copyright by building and selling homes based on those infringing plans.

In its Answer, Defendant Lennar Corp. admits that there are similarities in the plans at issue. Defendant contends, however, that any similarity between Plaintiff's plan and Defendants' plans are limited to "features common in residential architecture." Defendant has also asserted a counterclaim for copyright invalidity, contending that the alleged similarities between the plans concerns features so "common in the residential building industry" that they are not subject to copyright protection.

On March 6, 2009, Plaintiff served its First Set of Interrogatories on Defendant Lennar, which served its responses on March 26, 2009. After Plaintiff's counsel concluded that Defendant's responses were deficient, the parties' counsel exchanged a series of letters, but were successful in resolving only some of the disputed discovery issues.

On June 12, 2009, Plaintiff filed its Motion to Compel Defendant Lennar to supplement its responses concerning the following Interrogatories:

> 3. Please identify and describe what you believe to be similarities between the Chadwyck Design and each of the Infringing Plans. In your response, please describe in detail the factual bases for your contentions that the similarities between the Chadwyck Design and each of the Infringing Plans do not evidence either copying or copyright infringement of the Chadwyck Design.

4. Please explain the factual bases that form your belief that Building Graphics has no valid copyrights in the Chadwyck Design. In your response, identify and produce any documents that support or detract from your position.
5. Please explain the factual bases that form your belief that Building Graphics is not the author of any protectable elements of the Chadwyck Design. In your response, identify and produce any documents that support or detract from your position.

As to each of these Interrogatories, Defendant Lennar has responded that any similarities that exist between the plans as well as any other elements of the Chadwyck Design that Plaintiff seeks to protect are so common in the industry as to be neither protectable by copyright nor actionable in this proceeding. Defendant has refused, however, to state, define or otherwise identify those similarities or elements.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion to compel discovery is generally left within the District Court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of

discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving discovery issues); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

Applying these legal principles to this case, the Court concludes that Plaintiff is entitled to complete answers to the Interrogatories quoted above, that is, for specific identification of similarities Defendant Lennar acknowledges to exist between the plans and the elements Plaintiff seeks to protect which Defendant contends are not subject to copyright protection. The information Plaintiff seeks is reasonably calculated to lead to the discovery of admissible evidence as to both Plaintiff's copyright claim and Defendant's counterclaim of copyright invalidity. Accordingly, the undersigned will grant Plaintiff's Motion to Compel.

**NOW THEREFORE, IT IS ORDERED**:

1. "Plaintiff's Motion to Compel ..." (document #40) is **GRANTED**, that is, Defendant Lennar Corp. is **ORDERED** to serve complete supplemental responses to Plaintiff's Interrogatories 3, 4 and 5, as discussed in more detail above, on or before August 7, 2009.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Martin Reidinger.

**SO ORDERED**.

Signed: July 20, 2009

David S. Cayer
United States Magistrate Judge